IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01942-REB-MJW

DAVID Y. CHEN,

Plaintiff(s),

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Defendant American Family Mutual Insurance Company's Motion for Protective Order Re: 30(b)(6) Deposition of American Family (docket no. 33) is DENIED for the following reasons. Each party shall pay their own attorney fees and costs for this motion.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Pursuant to Fed. R. Civ. P. 26(c), a party "may move for a protective order in the court where the action is pending . . . ." The court may issue an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery in certain matters." Fed. R. Civ. P. 26(b)(1)(D).

In reviewing the subject motion (docket no. 33) and the response (docket no. 35), I find that the parties have agreed to limit the Rule 30(b)(6) deposition to matters involving Plaintiff only, and not members of his family, as to topics 1, 4, 8, and 9 in the Notice of the Rule 30(b)(6) deposition. I view this agreement between the parties as a stipulation, and such stipulation is approved and made an Order of Court. Furthermore, the parties have agreed to limit the Rule 30(b)6) deposition to matters involving Plaintiff only, and not member of his family, in topics 2, 3, 5, 6, 7(a) through (k), and particularly 7 (c)-(f), 10, 11, and 12. I view this as an additional agreement between the parties and as a stipulation, and such stipulation is approved and made an Order of Court.

Defendant American Family Mutual Insurance Company ["American Family"] argues that inquiry in the above-mentioned topics listed above in the Notice of the Rule 30(b)(6) deposition calls for legal opinions and/or is protected by the attorney-client and work product privileges, and therefore a protective order pursuant to Fed. R. Civ. P.

2

26(c) should be entered, and Plaintiff should not allowed to inquire in those topic areas listed above.  Here, I find that the topics of inquiry listed above are submitted for the court's review without any specific questions attached.  Defendant American Family's subject motion (docket no. 33) demonstrates only a "mere possibility" that Plaintiff might ask a question or questions during the Rule 30(b)(6) deposition that may be subject to an objection on the grounds of: (1) the form of the question [e.g., calling for a legal conclusion], (2) attorney-client privilege, and (3) work product privilege.  If such a question is asked during the Rule 30(b)(6) deposition, then nothing prevents counsel for Defendant American Family from objecting on those grounds listed above.  Any question objected to during the Rule 30(b)(6) deposition on those grounds listed above can be reviewed by this court, *in camera*, at a later date to determine whether such question or questions should be responded to by the Rule 30(b)(6) deponent.  Accordingly, I find that Defendant American Family has failed to meet its burden for a protective order under Fed. R. Civ. P. 26(c).

Date: May 9, 2013