**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 12-cv-01942-REB-MJW

DAVID Y. CHEN,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY

      Defendants.

**ORDER CONCERNING MOTIONS FOR DECLARATORY JUDGMENT**

**Blackburn, J.**

This matter is before me on the following: (1) the **Defendant's Motion for Declaratory Judgment** [#17][1] filed October 23, 2012; and (2) the **Plaintiff's Cross-Motion for Declaratory Judgment** [#20] filed November 14, 2012. *Sua sponte*, I interpret both motions as motions for summary judgment on the plaintiff's declaratory judgment claim. I deny the defendant's motion and grant the plaintiff's cross motion.[2]

**I. JURISDICTION**

I have jurisdiction over this matter under 28 U.S.C. §1332 (diversity of citizenship).

---

[1] [#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the cross-motions for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motions stand submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## II. STANDARD OF REVIEW

Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202, the court may enter a judgment declaring "the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201. Such a judgment or decree is reviewable as a final judgment. *Id*.

The plaintiff, David Chen, asserts a claim for declaratory judgment concerning the scope of coverage of an auto insurance policy. In the **Plaintiff's Cross-Motion for Declaratory Judgment** [#20], Mr. Chen seeks entry of judgment in his favor on his declaratory judgment claim. I read Mr. Chen's motion as a motion for summary judgment on his declaratory judgment claim. In its motion [#17], the defendant, American Family Mutual Insurance Company, requests a declaratory judgment. American Family has not filed a pleading in this case asserting a claim for a declaratory judgment. The court cannot enter a declaratory judgment in favor of American Family when American Family has never asserted such a claim in a pleading. Therefore, I read the **Defendant's Motion for Declaratory Judgment** [#17] as a motion for summary judgment on the plaintiff's claim for declaratory judgment.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **Fed. R. Civ. P.** 56(c); ***Celotex Corp. V. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed. 2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. ***Anderson v. Liberty***

*Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial and seeks summary judgment must show the absence of a genuine fact issue. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), cert.denied, 115 S.Ct. 1315 (1995). In contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense. *See in Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). In either case, once the motion has been properly supported the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works*, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F. 3d 1321, 1326 (10th Cir.), cert. denied, 120 S. Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. *Rice v. United States*, 166 F.3d 1088, 1092 (10th Circ.), cert. denied, 120 S. Ct 334 (1999).

### III.  FACTUAL BACKGROUND

The facts described below are undisputed. On July 28, 2009, Mr. Chen was driving with his family on Interstate 15 when the van he was driving suffered a flat tire. Mr. Chen and his wife, Mary Beth, got out of the van to fix the tire, leaving their four children inside the van.  During this time, a tractor trailer lost control and collided with the Chen's van.  Immediately after the collision, Mr. Chen ran to the van where he found the left side of the van completely destroyed.  He began pulling his children from the

wreckage and passing them to people who had stopped to help. Three of the four children were found in the van. Ryan Chen was ejected from the van and was found some fifteen feet away. He had suffered serious injuries including a broken leg, two broken collarbones, a partially collapsed lung and severe brain trauma.

Less than one month after the accident, Mr. Chen reported pain in his shoulder and neck to Dr. Lisa Talamantes. On September 25, 2009, Dr. Talamantes suggested that Mr. Chen see an orthopedist for his pain. On October 9, 2009, Mr. Chen saw Dr. David Schneider. Dr. Schneider performed surgery on April 6, 2010, to address a rotator cuff tear, a labral tear, and right shoulder impingement syndrome.

Mr. Chen sought coverage for the treatment of his neck and shoulder under his American Family auto insurance policy, and American Family responded by requesting Mr. Chen's medical records. Between September 2010 and November 2010, American Family requested Mr. Chen's complete medical files and a letter from Dr. Schneider stating why he believed the shoulder injury stemmed from the July 2009, accident. Mr. Chen complied with these requests. American Family denied Mr. Chen's claim three times, stating that it was "not clear how the injury to the right shoulder is related to the accident that occurred on July 28, 2009." *Complaint and Jury Demand* [#1], Exhibit D.

### IV. ANALYSIS

#### A. Interpretation of Insurance Contracts

Mr. Chen brings his declaratory judgment claim under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202. When a federal court exercises diversity jurisdiction, substantive state law is controls, and federal procedural law is controls. Thus, Colorado law controls the resolution of the substantive issues in this diversity case. **Erie Railroad Co. v. Tompkins**, 304 U.S. 64, 78 (1938); **Sims v. Great American Life Ins.**

4

***Co.***, 469 F.3d 870, 877 (10th Cir. 2006).  The Declaratory Judgment Act provides procedural remedies, not substantive rights.  ***Farmers Alliance Mut. Ins. Co. v. Jones***, 570 F.2d 1384, 1386 (10th Cir. 1978).  Thus, the Declaratory Judgment Act controls the procedural issues, while Colorado law controls the substantive issues.

In Colorado, insurance policies are construed using the same traditional principles of interpretation that apply to construction of contracts generally.  ***Compass Insurance Co. v. City of Littleton***, 984 P.2d 606, 613 (Colo. 1999). Unambiguous terms are interpreted in accordance with their plain and ordinary meanings and as a person of ordinary intelligence would understand them.  ***MarkWest Hydrocarbon, Inc. v. Liberty Mutual Insurance Co.***, 558 F.3d 1184, 1190 (10th Cir. 2009).  Insurance policy terms are ambiguous only if they are subject to more than one reasonable interpretation.  ***Allstate Insurance Co. v. Juniel***, 931 P.2d 511, 513 (Colo. App. 1996). Truly ambiguous terms are construed against the insurer and in a manner that would promote rather than deny coverage.  ***Blackhawk-Central City Sanitation District v. American Guarantee & Liability Insurance Co.***, 214 F.3d 1183, 1191 (10th Cir. 2000).

There are two important provisos to these general principles of insurance contract interpretation.  ***Farmers Alliance Mutual Insurance Co. v. Cutrone***, 448 F.Supp.2d 1226, 1229 (D. Colo. 2006).  First, an insurance policy creates a "quasi-fiduciary" duty that imposes on insurers a responsibility not to unreasonably withhold or delay payment of benefits.  ***State Farm Mutual Automobile Insurance Co. v. Kastner***, 77 P.3d 1256, 1259-60 (Colo. 2003).  Second, all insurance policies must comply with the Colorado uninsured motorist statute, which requires all insurers to provide coverage for injuries arising out of the use of an uninsured motor vehicle unless an insured

expressly rejects such coverage in writing.  **See** §10-4-609(1)(a), C.R.S.  **See also**

**Cutrone**, 448 F.Supp.2d at 1229 (noting that the statute intended to "provide compensation for injury caused by an uninsured motorist equal to that obtainable for injury caused by an insured motorist.") (citations and internal quotation omitted).

The Colorado Supreme Court has not addressed the precise issue presented in this case.  In that circumstance, a federal court exercising diversity jurisdiction seeks to predict how the Colorado Supreme Court would resolve the issue presented.  **Farmers Alliance Mutual Ins. Co. v. Bakke**, 619 F.2d 885, 888 (10th Cir. 1980).  The decisions of the Colorado Supreme Court, other state courts, federal courts, and the general weight and trend of authority all may be considered.  **Id**.

### B.  Scope of Uninsured Motorist Coverage

Both parties agree that §10-4-609(1)(a), C.R.S., and the insurance contract between Mr. Chen and American Family are applicable.[3] §10-4-609(1)(a), C.R.S., states:

> No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle licensed for highway use in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 42-7-103(2), C.R.S., under provisions approved by the commission, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; except that the named insured may reject such coverage in writing.

---

[3] They do, however, disagree as to the application of the statute and the insurance policy.

The relevant provisions of the insurance contract are as follows:

UNINSURED MOTORIST -BODILY INJURY COVERAGE

C.	INSURING AGREEMENT.

1.	We will pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or an underinsured motor vehicle.

2.	The bodily injury must:

 	a.	Be sustained by an insured person;

 	b.	Be caused by an accident, and

 	c.	Arise out of the ownership, maintenance or use of an uninsured motor vehicle or an underinsured mother vehicle.

Both parties rely on the two-prong test set forth by the Colorado Supreme Court in **State Farm Mut. Auto. Ins. Co. V. Kastner**, 77 P.3d 1256 (Colo. 2003) to support their arguments and to apply the relevant portions of the statute and the insurance contract to the undisputed facts. **Kastner** concerned a woman abducted from a mall in her car, driven to a remote location, and sexually assaulted in her car. *Id.* at 1259. At the time, Ms. Kastner carried auto insurance with State Farm Insurance Company. *Id.* After her assault, Ms. Kastner sought coverage under her State Farm policy for the injuries she suffered in the assault. State Farm denied her claim. *Id.*

The **Kastner** court articulated a two-prong test to determine when an injury arises out of the use of a motor vehicle. *Id.* at 1261-65. The first prong of the **Kastner** test relates to the use of a motor vehicle. *Id.* at 1261. The use of the motor vehicle must have been conceivable at the time the insurance policy was issued and must not be foreign to the vehicle's inherent purpose. *Id.* at 1262 (**citing Kohl v. Union Ins. Co.**,

731 P.2d 134, 136 n.2) (Colo. 1986)). Whether a particular use of a vehicle was conceivable sometimes is gauged in terms of foreseeability. *Aetna Cas. & Sur. Co. v. McMichael*, 906 P.2d 92, 103 (Colo. 1995). "(I)f the claim is made pursuant to the UM [uninsured motorist] provision, the focus is on the use of the uninsured vehicle." *Kastner*, 77 P.3d at 1261 n.2. Once use of a motor vehicle has been established, the next prong of the test requires "a 'but for' connection between the 'use' of the vehicle and the claimant's injury" and "an unbroken causal chain between that use and the injury." *Kastner*, 77 P.3d at 1264.

Mr. Chen satisfies the first prong of the *Kastner* test, the use of the motor vehicle prong. Again, focus should be drawn on the use of the uninsured motor vehicle, here the tractor trailer that hit Mr. Chen's van. The tractor trailer was in motion at the time of the accident and it's function was transportation. The use of the tractor trailer was readily conceivable or foreseeable when the insurance policy was issued and was not foreign to the tractor trailer's inherent purpose.

Mr. Chen contends his neck and shoulder injuries satisfy the second prong of the *Kastner* test because these injuries originated in, grew out of, or flowed from the use of the tractor trailer, the insured vehicle in question. Explaining the second part of the test, the *Kastner* court cited *Aetna Cas. & Sur. co. v. McMichael*. In *McMichael*, the court stated:

> (T)o establish the requisite causal relationship between the use of the vehicle and the injury, the claimant must show that the accident would not have occurred but for the vehicle's use. Although the use of "but for" terminology suggests that the use of the vehicle must be the cause of the injuries, we have utilized a more liberal interpretation in our cases. We have not required that the vehicle be moving at the time of the accident or that the vehicle be the sole cause of the accident. In fact, we have interpreted the test as requiring the plaintiff to show only that the injury

8

>originated in, grew out of, or flowed from a use of a vehicle. Thus, the causation test does not require that the insured vehicle itself be the source of the injury, only that the use be integrally related to the claimant's activities and the injury at the time of the accident.

***Aetna Cas. & Sur. Co. v. McMichael***, 906 P.2d 92, 103 (Colo. 1995).

The ***McMichael*** court noted a key distinction between injures related to a car and injuries related to the use of a car. *Id*. at 103. Injuries related to a car "only because they coincidentally occurred in the vehicle" are not covered while injures related to the use of a car usually are covered. *Id*. at 103 - 104 (quoting ***Kohl v. Union Ins. Co.***, 731 P.2d 134, 136 (Colo. 1986)). For example, an injury caused to a passenger in a parked car when a shotgun discharged as the driver pulled the weapon back into the car after preparing to shoot at a rabbit from the car did not arise out of the use of the car. ***Azar v. Employers Cas. Co.***, 495 P.2d 554, 555 (1972). On the other hand, an injury resulting from the accidental discharge of a rifle which occurred when the rifle was being removed from a vehicle gun rack to arrange for safe transportation of the gun elsewhere in the vehicle arose out of use of vehicle, ***Kohl***, 731 P.2d at 135 - 136, and an injury suffered while unloading a ready-mix concrete truck when a hose connected to the truck knocked a brick off of the roof of a building also arose out of use of vehicle. ***Titan Constr. Co. v. Nolf***, 515 P.2d 1123, 1126 (1973).

In ***McMichael***, the injured party parked his truck in a highway median in order to do some work in the median. He parked the truck so it would function as a barricade and as a warning device for traffic on the highway. ***McMichael***, 906 P.2d at 104. McMichael was injured while working in the median, 75 feet away from his truck, when a car approaching from the opposite direction entered the median and hit him. *Id*. at 94, 108. McMichael sought coverage under the underinsured motorist provisions of the

insurance policy covering the truck he parked in the median. The Colorado Supreme Court held that McMichael's injuries arose out of his use of the truck because his use of the truck as a barricade and warning device was causally related to the ensuing accident. *Id*. at 104.

Mr. Chen cites **Metropolitan Prop. & Cas. Ins. Co. V. Neubert**, 969 P.2d 733, 735 (Colo. App. 1998) in support of his position. In **Neubert**, the Colorado Court of Appeals addressed a claim for insurance coverage made by a good Samaritan who approached the scene of a car accident to render aid to those in the car. *Id*. at 734. The accident occurred because the driver of the car had been shot. *Id*. The passengers in the car, assuming the good Samaritan was involved in the shooting, attacked the good Samaritan and injured him. The good Samaritan sought coverage for his injuries under the personal injury protection provisions of the insurance policy covering the car. The Colorado Court of Appeals held that "a person's rendering assistance to victims of a car accident is a foreseeable event arising out of the use of the vehicle." *Id*. at 735. Given this analysis, the Colorado Court of Appeals directed the entry of a declaratory judgment declaring the good Samaritan to be within the coverage of the auto insurance policy. *Id*.

In an unpublished opinion, the United States Court of Appeals for the Tenth Circuit criticized the holding in **Neubert**. **Gardner v. Continental Western Ins. Co**., 203 F.3d 834 (10th Cir. 2000)(unpublished). The **Gardner** court concluded that the **Neubert** court improperly used language on foreseeability to alter and expand the **Kastner** test. **Gardner**, 203 F.3d 834 at *3. The Tenth Circuit concluded that the **Neubert** opinion should not dictate the integral relationship analysis in the case before

10

it. *Id*. at *4. Of course, the facts of *Neubert* are similar to the present case in ways that are significant. American Family cites *Gardner* in an effort to undermine *Neubert*. *Gardner*, an unpublished opinion, is not precedential and may be cited only for its persuasive value. 10th Cir. R. 32.1(A).

Generally, foreseeability is an issue relevant to the first prong of the *Kastner* test, a determination of whether the particular use of the vehicle at issue was conceivable or foreseeable when the insurance policy was issued. *Kastner*, 77 P.3d at 1262; *McMichael*, 906 P.2d at 103. The second prong of the *Kastner* test does not focus on foreseeability, but focuses on the chain of causation between the foreseeable use of the vehicle and the injury in question. *Kastner*, 77 P.3d at 1264; *McMichael*, 906 P.2d at 103. When considering the second element of the *Kastner* test, the criticism stated by the *Gardner* court carries little weight in my analysis.

Given the holdings of the Colorado Supreme Court in *Kastner*, *Kohl*, *Titan*, and *McMichael*, I conclude that if Mr. Chen suffered injuries to his neck and/or shoulder when he was rescuing his children from his van shortly after the collision, then those injuries originated in, grew out of, or flowed from the use of the tractor trailer, the insured vehicle in question. Mr. Chen was not injured in the collision between the tractor trailer and his family's van, but that collision was the only event that triggered and necessitated Mr. Chen's rescue of his children immediately after the collision. In terms of causation, no significant intervening event occurred between the collision and Mr. Chen's rescue of his children. The causal chain between the readily foreseeable use of the tractor trailer, including the collision, and the rescue and any consequent injury to Mr. Chen is quite direct, more direct than the causal chains in question in *Kohl*,

*Titan*, and *McMichael*. Assuming Mr. Chen can prove that he suffered his neck and/or shoulder injuries as a result of the rescue, I conclude that these injuries satisfy the second part of the *Kastner* test.

## V. CONCLUSION & ORDERS

If Mr. Chen's neck and/or shoulder injuries were suffered in the course of his rescue of his children from his van immediately after the accident, then those injuries were caused by the foreseeable use of the uninsured tractor trailer that struck Mr. Chen's van. Considered together, the holdings of the Colorado Supreme Court in *Kastner*, *Kohl*, *Titan*, and *McMichael* all support this conclusion. I note, however, that the motions addressed in this order do not address the question of whether Mr. Chen's alleged injuries were suffered during his rescue of his children. That issue of material fact is not resolved by this order. Viewing the undisputed facts in the record in the light most favorable to American Family, Mr. Chen is entitled to summary judgment on his claim for a declaratory judgment. I grant Mr. Chen's motion and enter a declaratory judgment declaring that if Mr. Chen suffered injuries to his neck and/or shoulder in the course of his rescue of his children from his van immediately after the collision, those injuries are covered by the American Family auto insurance policy at issue in this case. Conversely, I deny American Family's motion, which I construe as a motion for summary judgment on Mr. Chen's declaratory judgment claim.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Motion for Declaratory Judgment** [#17] filed October 23, 2012, interpreted *sua sponte* by this court as a motion for summary judgment, is **DENIED**;

12

2. That the **Plaintiff's Cross-Motion for Declaratory Judgment** [#20] filed November 14, 2012, interpreted *sua sponte* by this court as a motion for summary judgment, is **GRANTED**; and

3. That under 28 U.S.C. § 2201, a declaratory judgment **SHALL ENTER** declaring that if David Y. Chen suffered injuries to his neck and/or shoulder when he rescued his children from his van immediately after the July 28, 2009, collision involving an uninsured tractor trailer and Mr. Chen's van, then David Y. Chen is entitled to coverage for such injuries under the auto insurance policy covering Mr. Chen and issued by the defendant, American Family Mutual Insurance Company.

Dated August 15, 2013, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge